UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-25494-DPG

CHRISTINA FAVA, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.

GIGGLE LLC, D/B/A GIGGLE FINANCE,

    Defendant.
_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Christina Fava, individually, and on behalf of all others similarly situated, submits this Reply Memorandum in Support of Plaintiff's Motion for Leave to File First Amended Class Action Complaint.

## I. INTRODUCTION

The issue before the Court is whether Ms. Fava should be granted leave to file her First Amended Class Action Complaint ("FAC"). Such leave should be freely given, as Ms. Fava's Complaint simply needs to give Defendant fair notice of her claims and the grounds on which they rest. Ms. Fava's Complaint and proposed FAC do just that.[1]

Leave to amend should typically be granted absent prejudice to Defendant. Instead of discussing how it would be prejudiced by the proposed FAC, Defendant asks this Court to take judicial notice of extrinsic evidence and decide the merits of this case before discovery even

---

[1] Ms. Fava incorporates her Opposition to Defendant's Motion to Dismiss, which details that her Complaint, and thus her proposed FAC, contains more than enough facts to satisfy the lenient pleading standard in Fed. R. Civ. P. 8. (Dkt. No. 8).

1

commences. *See* Defendant's Opposition to Plaintiff's Motion for Leave to File First Amended Class Action Complaint, Dkt. No. 21 ("Defendant's Opposition").

## II. ARGUMENT

Defendant attempts to introduce purported facts regarding data breaches other than the one it allowed to occur and information regarding Ms. Fava's personal history. Defendant's Opposition at 4-8. These "facts" are neither alleged nor referenced in Ms. Fava's Complaint or proposed FAC. "[A] court considers extrinsic evidence outside the four corners of the plaintiff's complaint . . . in a few narrow contexts." *McGuire v. J.G. O'Neill, Inc.*, 30 Fla. L. Weekly Fed. D 18 (U.S. S.D.Fla. 2023). "[A] court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Evidence that the Eleventh Circuit has properly considered are contracts with direct implications on a plaintiff's claims and video of the alleged incident giving rise to a complaint. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (considering a dealership contract); *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 n.2 (11th Cir. 2017) (considering a written agreement and memorandum to an agreement); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 n.12 (11th Cir. 2014) (considering a Business Account Agreement); *Johnson*, 107 F.4th at 1300-01 (considering footage of the incident giving rise to the complaint); *Gilliam v. Fields*, No. 25-13151, 2026 U.S. App. LEXIS 805, at *7-8 (11th Cir. Jan. 13, 2026) (same).

The evidence Defendant attempts to bring before this Court is not central to Ms. Fava's claims and "any inference from these documents that the Court could make would go to *Defendant's defense*." *McGuire*, 30 Fla. L. Weekly Fed. D 18 (emphasis in original). In its

opposition, Defendant argues that Ms. Fava cannot establish causation due to a superseding cause, thus breaking the link between Defendant and Ms. Fava's injury. The court in *In re Accellion, Inc. Data Breach Litig.*, No. 5:21-cv-01155-EJD, 2025 U.S. Dist. LEXIS 193920, at *35 (N.D.Cal. Sep. 30, 2025) rejected such arguments at the pleading stage:

> Apart from the issue of superseding cause, [Defendant] also contends that it could not have caused any injury to a class member if that class member's personal data had already been exposed in a previous breach. That obviously cannot be true. If it were, it would lead to absurd results. If a plaintiff's data has ever been exposed before, no defendant will ever have the duty to safeguard her data ever again because no subsequent breach could ever cause damage. Or viewed from a different angle, it would "create a perverse incentive for companies: so long as enough data breaches take place, individual companies will never be found liable." *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 988 (N.D.Cal. 2016) (Koh, J.).
>
> Separate from the policy implications, though, [Defendant's] argument misunderstands the harm at issue. The more often individuals' personal data is exposed, the more readily available it will be to bad actors, and the greater the risk that those individuals will eventually suffer negative consequences like identity theft. Harms flow from the marginal increase in risk, whether that is in the form of time spent seeking to mitigate the additional risk or otherwise. So, [Defendant's] argument really gets more at a damages issue—how much did risk increase and how much is that worth in damages? Therefore, causation does not defeat predominance.

Defendant's Opposition raises a classic affirmative defense against causation, not an argument that Ms. Fava has failed to state a claim upon which relief can be granted.

Further, Ms. Fava disputes the authenticity of Exhibit A of Defendant's Opposition and has yet to be afforded the opportunity to investigate the claims through discovery. Indeed, the purported evidence regarding Ms. Fava's personal history is again a defense, specifically to class certification. As this matter has yet to move into discovery and Ms. Fava has yet to file a motion for class certification, "this Court does not yet have before it record evidence upon which to decide whether to grant or deny class certification." *James v. Circle K Stores, Inc.*, No. 1:20cv215-MW/GRJ, 2020 U.S. Dist. LEXIS 252173, at *2 (N.D.Fla. Sep. 18, 2020); *See Saunders v.*

*Bellsouth Advert. & Publ'g Corp.*, Case No. 98-1885-CIV-UNGARO-BENAGES, 1998 U.S. Dist. LEXIS 20523, at *2-3 (S.D.Fla. Nov. 10, 1998) (granting the defendant's motion to dismiss, which "argu[ed] that as a matter of law the Plaintiffs cannot satisfy the requirements of Fed. R. Civ. Pro. 23(b)(2) or 23(b)(3)," only after giving the plaintiffs an opportunity to file a motion for class certification, which the plaintiffs failed to do).

As there is no record evidence, if the Court were to determine class certification as Defendant requests, the Court must do so on the facts of the Complaint. Taking the facts of the Complaint as true, Ms. Fava "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (stating "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff") (citation omitted). The alleged facts Defendant attempts to foist upon this Court are not appropriate for consideration at the pleading stage.

### III.  CONCLUSION

Given the lack of prejudice to Defendant, the Court should grant Ms. Fava's leave to file her First Amended Class Action Complaint and permit this litigation to move forward.

Dated: February 17, 2026    By: */s/ Cortney Beth Szafran*
Cortney Beth Szafran, Esq. (FL S.B. #1033486)
Scott Edward Cole, Esq. (CA S.B. #160744)*

**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: cbs@colevannote.com
Email: sec@colevannote.com

*Attorneys for Representative Plaintiff
and the Plaintiff Class*

* *Admitted pro hac vice*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 17, 2026, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Cortney Beth Szafran*
Cortney Beth Szafran