**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-25494-DPG**

CHRISTINA FAVA, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

GIGGLE LLC, D/B/A GIGGLE FINANCE,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION**
**TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

      Plaintiff Christina Fava, individually and on behalf of all others similarly situated, responds

in opposition to Defendant Giggle LLC d/b/a Giggle Finance's Motion to Dismiss Plaintiff's First

Amended Class Action Complaint [DE 27].

i

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................ 1

III. LEGAL STANDARD .................................................................................................... 4

IV. ARGUMENT ................................................................................................................. 5

    A. Plaintiff's Negligence Claim Does Not Constitute a Shotgun Pleading ........................ 5

    B. Plaintiff's Negligence Claim is Sufficiently Plead ........................................................ 6

    C. Plaintiff's Breach of Implied Contract Claim is Sufficiently Pled ................................ 9

    D. Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing is Sufficiently Pled ................................................................................................................. 11

    E. In the Alternative, Amendment Is Warranted ................................................................ 11

V. CONCLUSION ............................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. STS Aviation Grp.*,
   No. 24-CV-14201-SMM, 2025 U.S. Dist. LEXIS 95900 (S.D. Fla. May 20, 2025)............... 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................. 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................................. 4

*Bergin v. City of Treasure Island*,
   No. 8:09-CV-00286-T-17MAP, 2009 WL 1606477 (M.D. Fla. June 8, 2009) ..........................11

*Borges v. SmileDirectClub, LLC*,
   No. 21-cv-23011-MD, 2022 WL 4269564 (S.D. Fla. Sept. 15, 2022) ....................................... 4

*Brooks v. Blue Cross & Blue Shield*,
   116 F.3d 1364 (11th Cir. 1997) ................................................................................................. 4

*Chiron Recovery Ctr., Ltd. Liab. Co. v. AmeriHealth HMO of N.J., Inc.*,
   No. 9:16-CV-82043, 2017 WL 4390169 (S.D. Fla. Oct. 3, 2017)............................................. 9

*Cravens v. Garda CL Se., Inc.*,
   No. 24-CV-80400-RLR, 2024 WL 5058304 (S.D. Fla. Dec. 6, 2024) ..................................... 10

*Doe v. Carnival Corp.*,
   470 F.Supp.3d 1317 (S.D. Fla. 2020) ....................................................................................... 5

*Fischer v. CentralSquare Techs., LLC*
   No. 21-CV-60856-RAR, 2021 WL 10558134 (S.D. Fla. Sept. 16, 2021) ................................. 9

*Foman v. Davis*,
   371 U.S. 178 (1962)................................................................................................................. 12

*Houston v. 7-Eleven, Inc.*,
   No. 8:13-CV-1845-T-17AEP, 2013 WL 6133834 (M.D. Fla. Nov. 21, 2013)........................... 5

*In re Lakeview Loan Servicing Data Breach Litig.*,
   No. 1:22-CV-20955-DPG, 2023 WL 12087642
   (S.D. Fla. Dec. 15, 2023) .......................................................................................................... 9

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,
   603 F. Supp. 3d 1183 ................................................................................................................ 6

*McKinley v. Kaplan*,
   177 F.3d 1253 (11th Cir. 1999) ..................................................................................11

*Mink v. Smith & Nephew, Inc.*,
   860 F.3d 1319 (11th Cir. 2017) ................................................................................... 9

*Reeves v. DSI Sec. Servs.*,
   331 F. App'x 659 (11th Cir. 2009) .............................................................................. 4

*SEC v. Complete Bus. Sols. Grp.*,
   538 F. Supp. 3d 1309 (S.D. Fla. 2021) ....................................................................... 5

*Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention,*,
   623 F.3d 1371 (11th Cir. 2010) .................................................................................. 4

*United States ex rel. Atkins v. McInteer*,
   470 F.3d 1350 (11th Cir. 2006) .................................................................................. 6

*Virgilio v. Ryland Grp.*,
   680 F.3d 1329 (11th Cir. 2012) .................................................................................. 6

*Weiland v. Palm Beach Cty. Sheriff's Off.*,
   792 F.3d 1313 (11th Cir. 2015) .................................................................................. 5

*Wellnext LLC v. OVM LLC*,
   No. 17-CV-62107, 2018 WL 7048129 (S.D. Fla. Feb. 15, 2018) ............................... 6

**Statutes and Rules**

Federal Rule of Civil Procedure 15(a)(2) ......................................................................11

Federal Rule of Civil Procedure 8 ................................................................................. 1

Federal Rule of Civil Procedure 8(a)(2) ......................................................................... 4

## I.    INTRODUCTION

From November 10, 2024 to November 15, 2024, Defendant allowed cybercriminals to infiltrate its information network and access personally identifiable information of Ms. Fava and thousands of Class Members (the "Data Breach"). Precisely how this attack occurred, what information was accessed, and why victims were not notified until almost one year later are questions only Defendant has the information to answer. All that the victims would and could know (e.g., from the breach notices) is that their sensitive and private information was accessed by profit-driven cybercriminals.

Defendant provides funding to independent contractors, freelancers, and small business owners. Defendant claims to "empower[] independent contractors and small business owners to keep growing, no matter what financial hurdles arise" and is "100% committed to serving the independent workforce and small businesses."[1] Despite this, Defendant now seeks to dismiss the claims of thousands of independent workers, freelancers, and small businesses before a single document is produced, an interrogatory propounded, or the like. Indeed, despite a well-pled 31-page Amended Complaint, Defendant claims Ms. Fava has not alleged, nor can allege, facts sufficient to sustain her causes of action.

Ms. Fava's Amended Complaint contains more than enough facts for each claim for relief under the lenient pleading standard in Rule 8. To the extent the Court believes more information is necessary, Ms. Fava respectfully seeks leave to cure any defects in or augment the pleadings.

## II.    STATEMENT OF FACTS

Ms. Fava alleges that she and thousands of others had their personally identifiable information, including names and Social Security Numbers ("personally identifiable information"

---

[1] https://gigglefinance.com/about-us/ (last accessed July 1, 2026).

1

or "PII"), accessed during the Data Breach.[2] First Amended Class Action Complaint [DE 26] ("FAC") ¶ 1. According to Defendant, the breach was detected on November 15, 2024. *Id.* ¶ 2.

On September 16, 2025—over ten months after Defendant admits the Data Breach was detected—Ms. Fava received a notice of the event. *Id.* at ¶ 3. This notice provided limited information about the Data Breach and detailed Defendant's recommended next steps. *Id.* ¶ 46. Despite heeding the Notice and/or following its recommendations, Ms. Fava and the Class Members remain in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken by Defendant, if any, to secure the victims' PII going forward. *Id.* ¶ 48.

As a result of the breach, Ms. Fava's and Class Members' PII was disclosed to an unauthorized third party—a criminal undoubtedly seeking to profit from it. *Id.* ¶ 5. As cyber criminals don't work for free, it can be presumed (and it is alleged) that the ones who infiltrated Defendant's network did so with the *intent* of misusing and/or financially profiting from the information obtained. *Id.* ¶ 45.

Defendant is a for-profit corporation with a principal place of business located in Miami, Florida. *Id.* ¶ 31. As part of its ordinary operation, Defendant acquired, collected, stored, and assured reasonable security over Ms. Fava's and Class Members' PII. *Id.* ¶ 50. Despite these assurances, Defendant failed to take reasonable measures to ensure the data's security. *Id.* ¶ 79.

Due to the Data Breach, Ms. Fava and Class Members have suffered, without limitation:

---

[2] Personally identifiable information ("PII") generally incorporates information that can be used to   distinguish or trace an individual's identity, either alone or when combined with other personal or  identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its  face expressly identifies an individual. PII also is generally defined to include certain identifiers  that do not on its face name an individual, but that are considered to be particularly sensitive  and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers, etc.).

> (i) actual identity theft, (ii) the loss of the opportunity of how their Private Information is used, (iii) the compromise, publication and/or theft of their Private Information, (iv) out-of-pocket expenses associated with the prevention, detection and recovery from identity theft, tax fraud and/or unauthorized use of their Private Information, (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including, but not limited to, efforts spent researching how to prevent, detect, contest and recover from embarrassment and identity theft, (vi) lost continuity in relation to their personal records, (vii) the continued risk to their Private Information, which may remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Representative Plaintiff's and Class Members' Private Information in its continued possession, and (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Representative Plaintiff and Class Members.

*Id*. ¶ 102.

As a result, on September 22, 2025, Ms. Fava filed this putative class action lawsuit seeking damages, injunctive, and equitable relief to redress the injuries she and fellow victims suffered from the breach. [DE 1-1.] This Court granted Ms. Fava's Motion for Leave to File First Class Action Complaint, which allowed Ms. Fava to amend her Complaint to add additional facts to supplement the original allegations. [DE 20.] The Court did not require this amendment; it was voluntarily made in light of a request by Defendant's counsel for some additional facts.

Ms. Fava filed her First Amended Class Action Complaint on May 22, 2026. [DE 26.] In it, she did not endeavor to include every fact she had available to her; that is what discovery is for and it is not necessary to incorporate every data point into a complaint. And yet, in her Amended Complaint, Ms. Fava alleged additional specific injuries not alleged in her original Complaint, including, *inter alia*: (1) that her PII is available on the dark web; (2) that she has experienced fraudulent charges on her debit card and checking account; (3) that she has experienced identity fraud in the form of fraudulent financial accounts and credit cards opened using her information; (4) that she has experienced an increase in spam calls, texts, and emails; and (5) that she has been

unable to open additional banking accounts and credit cards due to identity theft caused by the Data Breach. FAC ¶¶ 19-27.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is simply to "'give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The spirit of these authorities is obvious: to draw out the "who, what, where, why, and how" of the factual predicate such that a defendant may file an answer, put the matter at issue, and get on with litigation. It is not meant to impose unnecessary barriers upon a plaintiff by compelling guesswork or pleading of facts normally developed through the discovery process.

In ruling on a motion to dismiss, "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention,*, 623 F.3d 1371, 1379 (11th Cir. 2010). The motion should be denied when the plaintiff has pled "'enough facts to state a claim for relief that is plausible on its face.'" *Borges v. SmileDirectClub, LLC*, No. 21-cv-23011-MD, 2022 WL 4269564, at *4 (S.D. Fla. Sept. 15, 2022) (quoting *Twombly*, 550 U.S. at 555).

While not the case here, a "complaint may proceed even if it strikes a savvy judge that actual proof of the facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. Because of this, motions to dismiss for failure to state a claim are "***viewed with disfavor and rarely granted***." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis added). Indeed, the Court must find "beyond a doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Reeves v. DSI Sec. Servs.*, 331

4

F. App'x 659, 661 (11th Cir. 2009); *Houston v. 7-Eleven, Inc.*, No. 8:13-CV-1845-T-17AEP, 2013 WL 6133834, at *4 (M.D. Fla. Nov. 21, 2013) ("A plaintiff need only provide general rather than specific factual allegations of injury resulting from a defendant's conduct in order to satisfy standing for the purpose of a motion to dismiss.").

## IV.   <u>ARGUMENT</u>

Ms. Fava alleges facts sufficient to establish each claim for relief. While Rule 8 requires only a short plain statement setting out the claims, Ms. Fava offers a robust 31-page Amended Complaint that more than meets this standard.

### A.  Plaintiff's Negligence Claim Does Not Constitute a Shotgun Pleading

Defendant seeks to elevate form over substance by arguing Ms. Fava's negligence claim should be dismissed for purportedly comingling multiple negligence theories in one count. [DE 27 at 3-5.] But a complaint must simply "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). There is no bright line rule for what constitutes a so-called "shotgun pleading."  Instead, "[t]he key inquiry is whether the 'failure to more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.'" *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1323 (S.D. Fla. 2020) (second alteration in original) (quoting *Weiland*, 792 F.3d at 1324); *see also SEC v. Complete Bus. Sols. Grp.*, 538 F. Supp. 3d 1309, 1341 (S.D. Fla. 2021) (dismissal is  warranted only if it is "'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'").

At this stage, it is sufficient that Ms. Fava alleges facts and claims that put Defendant on adequate notice of liability for its negligent actions. FAC ¶ 16 (Defendant accepted and stored Ms.

Fava's PII); *id.* ¶¶ 81, 82, 94 (Defendant had a duty to exercise reasonable care in the safeguarding of Ms. Fava's PII and timely disclose unauthorized access of the PII); *id.* ¶¶ 91, 95 (Defendant breached these duties).

Further, Defendant's motion demonstrates its understanding of the theories of liability alleged against it. [DE 27 at 4]; *c.f. Doe*, 470 F. Supp. 3d at 1323 (declining to dismiss negligence claim asserting multiple negligence theories because defendant "demonstrated its understanding of the elements of those negligent training and negligent monitoring claims asserted against it"); *Wellnext LLC v. OVM LLC*, No. 17-CV-62107, 2018 WL 7048129, at *9 (S.D. Fla. Feb. 15, 2018) ("Defendants should be able to understand the allegations of the Complaint—as is evidenced by Defendants' substantive engagement with the Complaint in its Motion—and Defendants have been adequately put on notice of Plaintiffs' claims.").

Finally, even if the Court finds Ms. Fava's Amended Complaint to be a shotgun pleading, the proper remedy is repleader. "When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).

### B. Plaintiff's Negligence Claim is Sufficiently Plead

To state a claim for negligence, a plaintiff "must allege four elements: a duty, breach of that duty, causation, and damages." *Virgilio v. Ryland Grp.*, 680 F.3d 1329, 1339 (11th Cir. 2012). Defendant argues Ms. Fava's negligence claim fails to sufficiently plead breach, causation, and damages. Defendant does not dispute that Ms. Fava adequately alleged duty.[3]

---

[3] Nor could Defendant plausibly argue that it did not owe Ms. Fava a duty. "Federal courts in Florida have well established that entities which collect sensitive, private data from consumers and store such data on their networks have a duty to protect the information." *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1222 (S.D. Fla. 2022).

Ms. Fava's Amended Complaint is replete with allegations that Defendant's violation of its duties directly caused the harm suffered by Ms. Fava and the Class. These failures are outlined *inter alia* in paragraph 91 of her Amended Complaint. For example, Defendant "fail[ed] to provide fair, reasonable or adequate computer systems and data security practices to safeguard Representative Plaintiff's and Class Members' Private Information," and "fail[ed] to timely and accurately disclose that Representative Plaintiff's and Class Members' Private Information had been improperly acquired or accessed." FAC ¶ 91.a-b. In *In re Mednax Services, Inc., Customer Data Security Breach Litigation*—a factually similar data breach class action—the court held that the plaintiffs adequately pled breach of duty because their amended complaint pled that defendants "fail[ed] to exercise reasonable care" and "fail[ed] to safeguard and protect Plaintiffs' and Class Members' PHI and PII." *Mednax*, 603 F. Supp. 3d 1183, 1223 (S.D. Fla. 2022). The allegations in *Mednax* case virtually identical to those asserted in Ms. Fava's Amended Complaint. The Amended Complaint alleges that Defendant had a duty to protect the PII at issue, and through its own acts and omissions failed to do so. Accordingly, Ms. Fava has adequately pled breach of duty.

Ms. Fava's Amended Complaint also easily establishes causation. The court in the *Mednax* data breach class action held that the following factual allegations were sufficient to adequately plead causation:

> 1) Plaintiffs allege that their PHI and PII were found available for purchase on the dark web following the Data Breaches. 2) Plaintiffs allege that their PHI and PII found for sale on the dark web contained the same information provided to medical providers that contracted with Defendant Mednax. 3) Plaintiff Nielsen alleges that she has suffered identity theft, that twelve bank accounts have been opened in her name, that her credit score has been damaged, that she has experienced errors in processing her medical bills, and that a four-year magazine subscription was started in her name. 4) Plaintiffs allege that considering the geographic distribution of Plaintiffs and the inclusion of multiple Plaintiffs' PHI and PII in one sample database, it can be reasonably assumed that the data likely came from the same source data breach. 5) Plaintiffs allege that they exercise care in sharing their sensitive PHI and PII, do not knowingly transmit unencrypted sensitive PHI and PII

over the internet or any other unsecured source, and store any documents containing their sensitive PHI and PII in a safe and secure location or destroy the documents.

*Id.* at 1223 (internal citations omitted).

Here, Ms. Fava pleads similar facts to those alleged in *Mednax*, including: 1) that her information is available on the dark web; 2) that she suffered actual identity theft resulting in fraudulent accounts being opened in her name, damage to her credit score, and inability to open new credit cards and bank accounts as a result of the identity theft; 3) that she has taken reasonable steps to maintain her PII's confidentiality. FAC ¶¶ 19, 21-26, 53. Moreover, as "[o]nly Defendant was in the position to ensure that its systems and protocols were sufficient to protect the Private Information that Representative Plaintiff and Class Members had entrusted to it," only *Defendant* could have caused the Data Breach. *Id.* ¶ 86. The Court can draw a reasonable inference from the allegations in Ms. Fava's Amended Complaint that, but for Defendant's conduct, the Data Breach would not have occurred and, thus, Ms. Fava's numerous damages would not have occurred. Ms. Fava has thus adequately pled causation.

As to damages directly, Ms. Fava alleges cognizable injuries resulting from Defendant's Data Breach, including actual identify theft, the illegal publication of her PII on the dark web, the loss of the opportunity of how her PII is used, mitigation expenses, substantial and present risk of fraud, and identity theft, emotional distress, loss of privacy, monetary loss, and economic harm. *Id.* ¶¶ 5, 15, 16, 17, 18, 104, 112. Ms. Fava's Amended Complaint includes allegations of specific instances of harm caused as a result of the misuse of her PII, including: repeated notice by Experience that her PII has been found on the dark web, fraudulent charges on her debit card and checking account, and fraudulent financial accounts opened using her PII. *Id.* ¶¶ 19, 21-24. These allegations are more than sufficient to establish damages.

Aside from Ms. Fava having experienced actual identify theft, allegations of a third-party obtaining Ms. Fava's PII and the PII being "sold to other identity thieves or on the dark web . . . [is] sufficient to show that the risk of identity theft and fraud is material and imminent." *In re Lakeview Loan Servicing Data Breach Litig.*, No. 1:22-CV-20955-DPG, 2023 WL 12087642, at *4 (S.D. Fla. Dec. 15, 2023). Further, "the Eleventh Circuit has also held that exposure of one's PII on the dark web shows a present injury." *Id.* Based on this theory, this Court in *In re Lakeview Loan Servicing* held that "a reasonable jury could conclude that the injuries [such as exposure of ones' PII on the dark web, actual identity theft, mitigation expenses, and substantial risk of future harm] discussed in the standing context translate to actual harm in the negligence context." *Id.* at *4. The same should be found here.

### C. Plaintiff's Breach of Implied Contract Claim is Sufficiently Pled

"Under Florida law, breach of an implied contract is analyzed the same as breach of an express contract." *Fischer v. CentralSquare Techs., LLC*, No. 21-CV-60856-RAR, 2021 WL 10558134, at *4 (S.D. Fla. Sept. 16, 2021). To adequately plead a claim for breach of implied contract, the plaintiff must "allege (1) existence of a contract; (2) a material breach of the contract by defendant; and (3) damages resulting from the defendant's breach of the contract." *Id.* (citing *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1332 (11th Cir. 2017)). To establish the existence of a contract under Florida law, a plaintiff must show offer, acceptance, consideration, and specificity in terms of the contract. *Mink*, 860 F.3d at 1332. Implied contracts are "'inferred in whole or in part from the parties' conduct.'" *Chiron Recovery Ctr., Ltd. Liab. Co. v. AmeriHealth HMO of N.J., Inc.*, No. 9:16-CV-82043, 2017 WL 4390169, at *5 (S.D. Fla. Oct. 3, 2017). Ms. Fava adequately pleads each of the required elements in her claim for breach of implied contract, as set forth below.

Ms. Fava alleges that Defendant breached an implied contract with her by failing to protect her and the Class Members' PII and failing to promptly notify them of the Data Breach. Specifically, she alleges that "Defendant solicited, invited and required Representative Plaintiff and Class Members to provide their [PII] as part of Defendant's regular business practices." FAC ¶ 107. Ms. Fava provided her PII to Defendant's as a condition of Defendant's services, Defendant accepted possession of her data, and it was reasonably understood that Defendant would provide adequate protection of her PII. *Id.* ¶¶ 47, 51, 107, 108, 109.

This Court should not be persuaded by Defendant's argument "that the breach of implied contract claim should be dismissed for failing to allege that [Defendant] offered any specific form of data protection in return for" services. *Anderson v. STS Aviation Grp.*, No. 24-CV-14201-SMM, 2025 U.S. Dist. LEXIS 95900, at *25 (S.D. Fla. May 20, 2025). "While some courts have dismissed breach of implied contract cases on this basis," *id.*, this Court should follow cases like *Anderson* and *Cravens v. Garda CL Southeast, Inc.*, No. 24-CV-80400-RLR, 2024 WL 5058304, *9 (S.D. Fla. Dec. 6, 2024). In both cases, the courts determined that the plaintiffs were required to provide PII to the defendant, the defendant accepted the PII, and by doing so the defendant agreed to protect the PII. *Anderson*, 2025 U.S. Dist. LEXIS 95900, at *25-26; *Cravens*, 2024 WL 5058304, at *9 . "'Where, as here, a person hands over sensitive information, in addition to receiving a . . . service, they presumably expect to receive an implicit assurance that the information will be protected.'" *Anderson*, 2025 U.S. Dist. LEXIS 95900, at *26(citation omitted); *see also id.* ("'While [Defendant] made no explicit promises as to ongoing protection of personal information, it is difficult to imagine how, in our day and age of data and identity theft, the mandatory receipt of Social Security numbers or other sensitive personal information would not imply the recipient's assent to protect the information sufficiently.'").

By failing to secure Ms. Fava's and Class Members' payment data, Defendant breached its implied contracts with Ms. Fava and the Class and, as a direct and proximate result thereof, Ms. Fava and the Class sustained actual losses and damages as alleged in the Amended Complaint. *See* FAC ¶¶ 111-12. Because Ms. Fava's allegations in support of her breach of implied contract claim are well-pled, they must be accepted as true by the Court and construed in the light most favorable to her—and Defendant's motion to dismiss the breach of implied contract claim should be denied.

### D. Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing is Sufficiently Pled

Ms. Fava's claim for breach of the implied covenant of good faith and fair dealing should rise and fall with the implied-contract claim; accordingly, it will survive. Defendant erroneously argues that Ms. Fava has not alleged facts demonstrating that Defendant acted in bad faith or with malicious motive. [DE 27 at 14.] However, Ms. Fava alleges that Defendant intentionally failed to provide adequate data security and was aware of the need for data security and the risks associated with deciding not to provide it. FAC ¶¶ 5, 55, 78, 79.

### E. In the Alternative, Amendment Is Warranted

Despite the lenient pleading standard in the Eleventh Circuit, and an adequately pled 31-page pleading that *far exceeds* what's required, if any of the claims are deemed insufficient, they can easily be cured by amendment. Leave for such amendments is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Only if "allegations of other facts . . . *could not possibly cure* the deficiency" should a Rule 12(b)(6) motion be granted without leave to amend. *Bergin v. City of Treasure Island*, No. 8:09-CV-00286-T-17MAP, 2009 WL 1606477, at *3 (M.D. Fla. June 8, 2009) (emphasis added). Leave to amend should be denied only upon showing of bad faith, undue delay, futility, or undue prejudice. *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (citing

11

*Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendant fails to demonstrate any bad faith or dilatory motive by Ms. Fava, nor does the Motion show that amendment would be futile or prejudicial.

## V.   **CONCLUSION**

For all the foregoing reasons, the Court should deny Defendant's motion in its entirety. In the alternative, if the Court finds any claim insufficiently pled, Plaintiff respectfully requests leave to amend her pleadings to address any of the Court's concerns.

Dated: July 6, 2026                            Respectfully submitted,

By:_____/s/ **Jeremy L. Kahn**_____
Jeremy L. Kahn, Esq. (FL S.B. #105277)
**BERMAN FINK VAN HORN P.C.**
3475 Piedmont Road, Suite 1640
Atlanta, Georgia 30305
Telephone: (404) 261-9494
Email: jkahn@bfvlaw.com

Scott Edward Cole, Esq. (admitted *pro hac vice*)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: cbs@colevannote.com
Email: sec@colevannote.com

*Attorneys for Representative Plaintiff*
*and the Plaintiff Class*